FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ SEP 23 2014 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
POONAM SHARMA, BRIAN ROACH,
RONNEL JARIN, and LIKITA SIMON,
on behalf of themselves and all other similarly
situated,

        Plaintiffs,

   -against-

BURBERRY LIMITED a/k/a BURBERRYS
LIMITED,

        Defendant.
----------------------------------------------------------X

MEMORANDUM AND ORDER

CV 12-6356

(Wexler, J.)

APPEARANCES:

HARRISON, HARRISON & ASSOC., LTD.
By: David Harrison, Esq.
110 State Highway 35, 2nd Floor
Red Bank, NJ 07701
Attorneys for Plaintiffs

JOSEPH & KIRSCHENBAUM LLP
By: Douglas Weiner, Esq.
    D. Maimon Kirschenbaum, Esq.
233 Broadway, 5th Floor
New York, NY 10279
Attorneys for Plaintiffs

VEDDER PRICE P.C.
By: Lyle S. Zuckerman, Esq.
   Amy L. Bess, Esq.
   Joseph K. Mulherin, Esq.
1633 Broadway, 47th Floor
New York, NY 10019
Attorney for Defendant

WEXLER, District Judge:

      Plaintiffs Poonam Sharma ("Sharma"), Brian Roach ("Roach"), Ronnel Jarin ("Jarin"),

-1-

and Likita Simon ("Simon"), sales associates for Burberry Limited ("Burberry" or "Defendant") bring this action on behalf of themselves and others similarly situated[1] claiming violations of the FLSA and the New York State Labor Law ("Labor Law") for Defendant's failure to pay overtime for hours worked in excess of 40 hours per week.[2] Defendant moves for a partial dismissal of Plaintiff's claim for "overtime on commission" pursuant to Federal Rules of Civil Procedure ("Fed.R.Civ.Proc."), Rule 12(b)(1), arguing that Defendant's Rule 68 Offer of Judgment -- which was not accepted or rejected by the Plaintiffs -- and subsequent payment to all putative class members, fully compensates every potential class member on the "overtime on commission" claims. Defendant argues the claim is therefore moot, and the court has no subject matter jurisdiction. For the reasons discussed below, Defendant's motion is denied.

## BACKGROUND

I. <u>Factual Background</u>

The facts discussed here are from Plaintiffs' amended complaint or from the documents appropriately before the court in the context of this motion.[3] Plaintiffs allege that they and all

---

[1] By memorandum and order entered dated September 4, 2014, Magistrate Judge A. Kathleen Tomlinson granted Plaintiffs' motion for conditional certification on the Fair Labor Standards Act ("FLSA") claims to include sales associates employed by Defendant in Manhasset and Roosevelt Field Mall, New York for six year prior to the filing of the complaint in December 26, 2012 and in Short Hills, New Jersey for three years prior to the complaint. Docket entry ("DE") 78, at 42. Plaintiff's amended complaint also includes Rule 23 class action allegations on the NYLL claims.

[2] Plaintiff Sharma also brings a claim for retaliation under NYLL claiming she was terminated for complaining about Defendant's unlawful wage practices. Amended Complaint ("AC"), ¶ 65-70. That claim is not relevant to the present motion.

[3] In resolving a motion to dismiss under Rule 12(b)(1), the Court may review affidavits and other materials outside the pleadings. See Morrison v. Nat'l Australia Bank, Ltd., 547 F.3d 167, 170 (2d Cir. 2008) (citations omitted).

putative class and collective action members worked as sales associates for Burberry and that they regularly worked hours "off-the-clock" either before or after their shift, or during lunches and breaks for which they were not compensated. AC, ¶ 36-41. Furthermore, Plaintiffs allege that when they were paid overtime, it was at the wrong overtime rate since Defendant did not include commission payments when determining the regular rate of pay. AC, ¶ 42-51. The amended complaint asserts a claim for overtime violations under FLSA, and overtime violations claim under NYLL.

On May 30, 2013, Defendant tendered a Rule 68 Offer of Judgment ("Offer") to the four named Plaintiffs and one opt-in Plaintiff. The Offer offers each Plaintiff a different sum based on "payments which were (inadvertently) not calculated as part of the regular rate of pay (including all commissions payments), and thus excluded from overtime wages paid to Plaintiff [X]". See Defendant's Memorandum in Support, ("Def. Mem."), Exhibit ("Ex.") A: Offer of Judgment. The Offer includes a $350 named Plaintiff service fee,[4] and "reasonable attorneys' fees, costs and expenses as the Court may determine." The Offer claims this is the amount due by Defendant for "any liability claimed in this action for the failure to include compensation earned (including commissions payments) in the regular rate of pay for the purpose of calculating overtime wages" to the Plaintiffs. Def. Mem., Ex. A., at 2.

Also submitted with Defendant's motion is a declaration of Danielle Caserta ("Caserta Dec."), the Director of Human Resources Operations, Burberry Americas, stating that Burberry recalculated all of the overtime due to "eligible sales associates" to "account for earned commissions and bonus payment" in the New York retail stores. She states that liquidated

---

[4]This fee is not included in the Offer to the opt-in Plaintiff.

damages and interest were added thereto, and that "Burberry added a 2% 'premium' to safeguard against miniscule/rounding errors," and hired a third-party administrator to calculate withholding taxes due, and to process and "mail compensatory payment checks to all Eligible Sales Associates (other than plaintiffs and opt-in plaintiff)." Attached to her declaration is a spreadsheet listing the payments made. Caserta Dec., Ex. A. 90% of the checks were cashed. Id., ¶ 6-12.

II. The Motion

Defendant argues that the Offer and the payment to all putative class members more than satisfies any liability they have to Plaintiffs on the "overtime on commission" claim, thus mooting that claim and depriving the court of subject matter jurisdiction. In response, Plaintiffs argue that the Offer does not satisfy their claim. Principally, Plaintiffs argue that the Offer only compensates Plaintiffs and putative class members for overtime on hours already paid, and that their claim is for overtime that has NOT been paid, and which requires an initial calculation of the actual regular hours worked and the correct regular rate of pay, which will then dictate the overtime due. Plaintiff argue that the amount of the Offer only covers overtime that was already paid, and not the overtime hours due as a result of time actually worked. Plaintiffs' Memorandum in Opposition ("Pl. Mem."), at 7-8. Finally, they argue that the Offer is deficient since it does not include both liquidated damages permitted under both the FLSA and NYLL. Pl. Me., at 8-9.

Defendants disagree. They claim that Plaintiffs are now combining what has always been two separate claims in this litigation – one seeking compensation for "off the clock" hours worked, and the other seeking proper "overtime on commission." To argue that the Offer does

not satisfy the "overtime on commission" claim on the basis that it should be tied to the "off-the-clock" claim is disingenuous. Furthermore, they point out that Plaintiffs do not dispute the calculation methodology used in the Offer.

## DISCUSSION

I. <u>Legal Principles</u>

Federal courts "lack[ ] subject matter jurisdiction over the action" when the dispute become moot. <u>Fox v. Board of Trustees of State University of New York</u>, 42 F.3d 135, 140 (2d Cir. 1994) (citations omitted). A case is moot when the parties no longer have a "legally cognizable interest in the outcome" or "personal stake" in the litigation. <u>Id.</u>, (citations omitted); <u>Velasquez v. Digital Page</u>, 842 F.Supp.2d 486, 487 (E.D.N.Y. 2012). "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." <u>Genesis Healthcare Corp. v. Symczyk</u>, 133 S.Ct. 1523, 1528 (2013) (citations omitted).[5] <u>See also</u> <u>Abrams v. Interco Inc.</u>, 719 F.2d 23, 32 (2d Cir. 1983) ("[T]here is no justification for taking the time of the court and the defendant in the pursuit of ... claims which [the] defendant has more than satisfied.").

Rule 68 allows a defendant to "serve on an opposing party an offer to allow judgment on specified terms ...." Fed. R. Civ. P., Rule 68(a). "An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in

---

[5]In <u>Genesis Healthcare</u>, the Supreme Court reviewed the question of whether a Rule 68 Offer of Judgment that satisfied plaintiff's claim also mooted the claims on behalf of the collective action. "In the absence of any claimant's (sic) opting in," the suit became moot when plaintiff's individual claim became moot. <u>Id.</u>, at 1529.

-5-

a proceeding to determine costs." Rule 68(b). However, where the opposing party does not accept the offer, "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Rule 68(d). "The plain purpose of Rule 68 is to encourage settlement and avoid litigation." Marek v. Chesny, 473 U.S. 1, 5, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985).

The circuits are split as to whether an unaccepted offer that fully satisfies plaintiff's claim renders the claim moot.[6] In Cabala v. Crowley, the Second Circuit noted that it earlier rejected the argument that "an unaccepted offer of settlement for the full amount of damages 'moots' the case if 'the plaintiff desires to continue the action.'" 736 F.3d 226, 228 (2d Cir. 2013) (citing McCauley v. Trans Union, L.L.C., 402 F.3d 340 (2d Cir. 2005)). "Rather, we held, the typically proper disposition in such a situation is for the district court to enter judgment against the defendant for the proffered amount and to direct payment to the plaintiff consistent with the offer. Only after such a disposition is the controversy resolved such that the court lacks further jurisdiction." Cabala, 736 F.3d at 228 (citing McCauley, at 342).[7]

Courts in this circuit have found that a sufficient Rule 68 offer can moot a case. "When a defendant offers the maximum recovery available to a plaintiff, the Second Circuit has held that the case is moot..." Ward v. Bank of New York, 455 F.Supp.2d 262, 267 (S.D.N.Y. 2006) (citing Abrams v. Interco Inc., 719 F.2d 23, 32 (2d Cir. 1983) (defendant's offer to pay three times the

---

[6]The split was recognized but not addressed by the Supreme Court in Genesis Healthcare, 133 S.Ct. at 1528, n.3.

[7]In Cabala, the Second Circuit affirmed the district court's award of attorney's fees after finding that the offer to pay maximum damages available under the Fair Debt Collections Practices Act was not a Rule 68 offer of judgment and did not moot the case. Id., at 228-229.

amount of plaintiffs' purchases plus attorney fees and costs mooted the case); Doyle v. Midland Credit Mgmt., Inc., 722 F.3d 78, 81 (2d Cir. 2013) (district court properly dismissed the action for lack of subject matter jurisdiction where defendant orally offered plaintiff more than "the full amount of relief sought"); Darboe v. Goodwill Indus. of Greater N.Y. & N. N.J., Inc., 485 F.Supp.2d 221, 223 (E.D.N.Y. 2007) (FLSA case dismissed as moot where plaintiff raises no issue that defendants' offer exceeds the actual damages sought and no other plaintiff has joined action).

Yet, it has also been found that where there is a dispute over whether the amount offered fully satisfies the claim, it does not moot the claim. See Moreira v. Sherwood Landscaping Inc., 2014 WL 4639126, *3 (E.D.N.Y. 2014) (citations omitted). "If the offer does not cover all potential relief, however, the case is not moot." Ward v. Bank of New York, 455 F.Supp.2d 262, 267 (S.D.N.Y. 2006) (citing Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C., 242 F.Supp.2d 273, 278 (S.D.N.Y. 2002); Lovelace v. United States, 2001 WL 984686, at *3 (S.D.N.Y. Aug. 27, 2001) (case not moot if offer does not provide plaintiff all that he is entitled to). Similarly, courts have denied a motion to dismiss a case as moot is the "offer is not comprehensive, or where the amount due plaintiff is disputed." Ward, 455 F.Supp.2d at 267 (string citation omitted); see also Ritz v. Mike Rory Corp., 959 F.Supp.2d 276 (E.D.N.Y. 2013) (if the defendant's offer is disputed by the named plaintiff or is less than the full relief that the plaintiff could potentially recover on the claim, the case cannot be dismissed). The case is also not moot if the offer does not include additional plaintiffs who have opted in. Velasquez v. Digital Page, 842 F.Supp.2d 486, 488 (E.D.N.Y. 2012); Bah v. Shoe Mania, Inc., 2009 WL 1357223, *2 (S.D.N.Y. 2009). See also Rivero v. Cach LLC, 2014 WL 991721, *4 (E.D.N.Y.

2014) (an offer of settlement for all damages sought does not moot a case if it is not against all potential wrongdoers.)

II. <u>Disposition of the Motion</u>

The issue here is whether the Offer adequately satisfies Plaintiffs' claims. According to the Amended Complaint, Plaintiffs allege two claims relevant to this discussion - uncompensated overtime under the FLSA and uncompensated overtime under NYLL. While the "Factual Allegations" in the complaint provide the two headings as delineated by Defendant into two claims -- the "off-the-clock" claim and the "overtime on commissions" claim -- the legal claims more generally seek unpaid overtime under the two statutory frameworks.

To the extent that Defendant's Offer satisfies some part of Plaintiffs' claim seeking recovery for being "paid [ ] at the wrong overtime rate" because of Defendant's failure to calculate commission payments into the regular rate of pay for overtime already paid (AC, ¶ 42-49), the Court finds that the Defendant cannot be liable if such amounts have already been paid to a Plaintiff, and if so, the issue can be resolved on a motion *in limine* at trial. Yet, it is clear that the Offer does not fully compensate Plaintiffs for their overtime claim under the FLSA, nor does the Defendant contend that the Offer satisfies Plaintiffs' claim that additional hours worked "off the clock" generated unpaid overtime hours due under the FLSA and NYLL. (AC, ¶ 37). While the Defendant chooses to delineate Plaintiffs' claims into two separate claims, the Amended Complaint states otherwise, and the Court will not parse the factual underpinnings of one legal claim.[8]

---

[8]The Plaintiffs also argue the Offer is deficient since it does not include the proper amount of liquidated damages.

Furthermore, Plaintiffs' claims have recently been certified as a collective action. To the extent that additional Plaintiffs have joined this action and the Offer or payment has not been extended to them, the action is not moot. See Velasquez v. Digital Page, 842 F.Supp.2d at 488. Because the Court finds that Defendant's Rule 68 Offer does not fully satisfy the claims of these, and possibly additional Plaintiffs, and that Plaintiffs' dispute the adequacy of the Offer to satisfy even its "overtime-on-commission" claim, Defendant's motion to dismiss this claim is denied.

## CONCLUSION

Defendant's partial motion to dismiss Plaintiffs' claim is DENIED. All counsel are directed to appear for a conference on October 2, 2014 at 10:30 in Courtroom 940.

SO ORDERED.

s/ Leonard D. Wexler
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
September 23, 2014