UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

POONAM SHARMA, BRIAN ROACH, RONNEL JARIN, and NIKITA SIMON, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

BURBERRY LIMITED,

    Defendant.

CIV. NO. 12-CV-06356 (LDW)(AKT)



FILED
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 10 2015 ★
LONG ISLAND OFFICE

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

On **March 9, 2015**, the Court heard an unopposed motion for preliminary approval of a settlement of a putative class and collective action by POONAM SHARMA, BRIAN ROACH, RONNEL JARIN, and NIKITA SIMON (collectively referred to as "Class Representatives"), on behalf of themselves and all others similarly situated, and Defendant BURBERRY LIMITED a/k/a BURBERRYS LIMITED ("Defendant" or "Burberry"). The Court has considered the Joint Stipulation of Settlement and Release ("Agreement"), and its attached exhibits, and the submissions of counsel, and hereby finds and orders as follows:

1. Unless otherwise defined herein, all terms used in this order (the "Preliminary Approval Order") will have the same meaning as defined in the Agreement.

2. The Court finds on a preliminary basis that the settlement memorialized in the Agreement, filed with the Court, falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval.

3. The Court grants preliminary approval of the parties' Agreement.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court conditionally certifies, for settlement purposes only (and for no other purpose and with no other effect upon this or any other action, including no effect upon this action should the Settlement not ultimately be approved), the following class action (the "Class"): All persons employed by Defendant as Sales Associates and Sales Leads at Burberry's Manhasset, New York store, Roosevelt Field, New York stores at any time during the period from December 26, 2006 through January 22, 2015, or at the Short Hills, New Jersey store during the period from January 1, 2013 through January 22, 2015, including the three Short Hills opt-ins that previously submitted consent to join forms.

5. Pursuant to 29 U.S.C. § 216(b), the Court conditionally certifies, for settlement purposes only (and for no other purpose and with no other effect upon this or any other action, including no effect upon this action should the Settlement not ultimately be approved), the following collective action (the "Collective Action"): All persons employed by Defendant as Sales Associates and Sales Leads at Burberry's Manhasset, New York store, Roosevelt Field, New York stores at any time during the period from December 26, 2006 through January 22, 2015, or at the Short Hills, New Jersey store during the period from January 1, 2013 through January 22, 2015, including the three Short Hills opt-ins that previously submitted consent to join forms.

6. The Court appoints, for settlement purposes only, Plaintiffs Poonam Sharma, Brian Roach, Ronnel Jarin and Nikita Simon as representatives of the Class and Collective Action.

7. The Court appoints, for settlement purposes only, the following attorneys as

"Class Counsel": David Harrison of Harrison, Harrison & Associates, LTD., and Maimon Kirschenbaum of Joseph & Kirschenbaum LLP.

8. The Court approves Settlement Services Inc. (SSI) as the Claims Administrator to perform duties in accordance with the Agreement.

9. The Court finds that the procedures for notifying the Class about the Settlement as described in the Agreement provide the best notice practicable under the circumstances and therefore meet the requirements of due process, and directs the mailing of the Class Notice in accordance with the Agreement.

10. The Court approves, as to form and content, the proposed Class Notice, attached to the Agreement as Exhibit A. The Claims Administrator is authorized to mail the Class Notice, after they are updated with the appropriate dates and deadlines consistent with the Agreement and this Order, to the Class and Collective Action members as provided in the Agreement.

11. Any written objection to the settlement by a Class Member must be filed with this Court no later than sixty (60) days after the Class Notice is mailed to the Class and Collective Action members by the Claims Administrator.

12. Pending the Court's decision on final approval of the Settlement and entry of the Court's Final Order and Judgment, Plaintiffs and all Class and Collective Action Members and anyone acting on behalf of any Class and Collective Action Member shall be barred and enjoined from: (a) further litigation in this Action; (b) filing, or taking any action directly or indirectly, to commence, prosecute, pursue or participate on a class or collective action basis any action, claim or proceeding against Chase in any forum in which any of the claims subject to the Settlement are asserted, or which in any way

would prevent any such claims from being extinguished; or (c) seeking, whether on a conditional basis or not, certification of a class or collective action that involves any such claims.

13. The parties are ordered to carry out the Settlement according to the terms of the Agreement.

14. The Court will conduct a Fairness and Good Faith Determination Hearing on July 27, 2015 at 10:30 (a.m.)/p.m. for the purposes of: (a) making a final determination of the fairness, adequacy, and reasonableness of the Settlement terms and procedures; (b) fixing the amount of attorneys' fees and litigation costs and expenses to Class Counsel and enhancement awards to the Plaintiffs; (c) hearing any timely and properly filed objections; and (d) entering Judgment. The Fairness and Good Faith Determination Hearing may be continued without further notice to Class or Collective Action Members. The Plaintiffs shall file their motion for final approval of the settlement, and Class Counsel shall file their motion for attorneys' fees, litigation costs and expenses, and enhancement awards on or before July 13, 2015.

**IT IS SO ORDERED.**

Dated: March 10, 2015

Central Islip, NY

_____
Hon. Leonard D. Wexler
United States District Judge

4